IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-412-CR





BARTH DAVID CUDD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-92-480, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of robbery and assessed punishment, enhanced by two
previous felony convictions, at imprisonment for sixty-two years. Tex. Penal Code Ann. § 29.03
(West Supp. 1993). In his only point of error, appellant contends his trial counsel was ineffective
because he did not object when the prosecutor introduced specific facts of the case during jury
selection, and because he called no witnesses on appellant's behalf.

 Appellant and a female companion were observed carrying items from a department
store without paying. When store security officers attempted to stop them in the parking lot, a
fight broke out. During the fight, appellant sprayed the officers with chemical mace. While
discussing the definition of "bodily injury" with the jury panel, the prosecutor asked the panelists
if they would agree that they would experience pain if sprayed with mace. Assuming that this was
an improper effort by the prosecutor to commit the jurors to a finding that appellant caused bodily
injury as alleged in the indictment, we decline to hold that trial counsel was ineffective because
he failed to make this one objection. Appellant's complaint regarding counsel's failure to call
witnesses is patently without merit. Appellant neither identifies the witnesses counsel should have
called on his behalf nor demonstrates that they were available to testify.

 Having reviewed the totality of trial counsel's representation of appellant, we find
that it was within the wide range of professionally competent assistance. Strickland v.
Washington, 466 U.S. 668, 690-92 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App.
1986). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 20, 1993

Do Not Publish